UNITED STATES, Appellee,

v.

Wilbert O. SIMMONS, Senior Airman, U.S. Air Force, Appellant.

No. 60,512.

ACM 26345.

U.S. Court of Military Appeals.

Sept. 28, 1989.

For Appellant: *Captain Laurence M. Soybel* (argued); *Colonel Richard F.*

*O'Hair* and *Major John V. Sullivan, USAFR* (on brief).

For Appellee: *Major Kathryn I. Taylor* (argued); *Colonel Joe R. Lamport* and *Lieutenant Colonel Robert E. Giovagnoni* (on brief); *Lieutenant Colonel Robert J. Webster, USAFR.*

*Opinion of the Court*

COX, Judge:

Appellant was tried by general court-martial convened at Andrews Air Force Base, Maryland. Contrary to his pleas, he was convicted of one specification each of using marijuana and cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. He was sentenced to a bad-conduct discharge, confinement and forfeiture of $300 pay per month for 9 months, and reduction to the grade of E-1. The convening authority approved the sentence, and the Court of Military Review affirmed. 26 MJ 666 (AFCMR 1988). We granted review of this issue:

WHETHER THE CONSENT GIVEN BY AIRMAN SIMMONS TO PROVIDE A URINE SPECIMEN FOR DRUG ANALYSIS DID NOT CONSTITUTE A VALID WAIVER OF FOURTH AMENDMENT RIGHTS.

For the reasons set forth below, we agree that the seizure of appellant's urine sample was valid.

While they were seated in an automobile in a heavy drug-trafficking area of Washington, D.C., appellant and a companion were arrested by District of Columbia police. Cocaine and drug paraphernalia were found in the automobile. Shortly thereafter, D.C. authorities notified appellant's first sergeant by telephone of the arrest.

The following afternoon, appellant arrived, unescorted, at his first sergeant's office. He discussed the events of the previous evening with Chief Master Sergeant Ray Johnson in what the Court of Military Review characterized "as an informal, relaxed atmosphere." Appellant maintained "his innocence," claiming he

was a victim of "being in the wrong place at the wrong time." 26 MJ at 667. Chief Master Sergeant Johnson informed appellant that, by virtue of having been arrested by civilian authorities, appellant was required to file a report with headquarters concerning the incident, and that a urinalysis test would be necessary. He was told that either he could consent to a urinalysis or it would be command-directed.

Appellant was provided with a locally-created consent form which he read and signed. Thereafter, taking the form with him, he reported—unescorted—to the hospital and provided a urine sample. The urine was tested and showed the presence of the cocaine metabolite, which resulted in appellant's prosecution for using cocaine. Appellant now complains that his consent was not freely and voluntarily given for the test, and he asks this Court to suppress the results of the urinalysis test and set aside his conviction for use of cocaine.

The record makes clear that appellant was left with no doubt that if he did not consent to a urinalysis test, the command would order one. What he was not told, however, was that the results of the "consent" test could be used against him in any subsequent legal or disciplinary action, while the results of the command-directed test could not. Under similar circumstances, we have concluded that the resulting "consent" was not voluntary, but was given merely in acquiescence to color of authority. *See United States v. White*, 27 MJ 264 (CMA 1988).

Here, however, unlike in *White*, there was adequate probable cause upon which the command could have ordered the urinalysis against appellant's wishes. Such an order, supported by probable cause, is the military's functional equivalent of a search warrant. *See* Mil.R.Evid. 312(d), Manual for Courts–Martial, United States, 1984. "In such circumstances, it is not the consent that legitimizes the search, but the warrant." *United States v. White, supra* at 266, citing *Bumper v. North Carolina*, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968). Thus, the results of the test were admissible.

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

SULLIVAN, Judge (concurring in the result):

I would affirm on the basis of inevitable discovery. *United States v. Roa*, 24 MJ 297, 303 (CMA 1987) (Sullivan, J., concurring in the result); *United States v. Kozak*, 12 MJ 389 (CMA 1982).